UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| MALIK JONES, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT CONTROL )<br>CORPORATION, *et al.*, )<br>      Defendants. ) | Civil Action No. 4:22cv5 |

**MEMORANDUM OPINION**

Plaintiff Malik Jones ("Mr. Jones"), appearing *pro se*, filed this action against Defendants Credit Control Corporation, AR Resources, Inc., Credit Management, LP, and Contract Callers, Inc. (collectively "Defendants"). Compl., ECF No. 1. In an Order entered on April 7, 2022, the Court identified certain jurisdictional and *pro se* representation issues that required attention before this action could proceed and solicited a response from Mr. Jones. Order at 1-4, ECF No. 5. This matter is before the Court to assess Mr. Jones's response. Resp., ECF No. 6. For the reasons set forth below, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

In this action, Mr. Jones alleges that on or about November 29, 2021, Meinaldo Bryan Rosado Ocasio ("Mr. Ocasio") "checked his credit reports through 'credit karma'" and "observed multiple tradelines" from Defendants that Mr. Ocasio believed were inaccurate. Compl. at 2-4. The next day, Mr. Ocasio "made a dispute via telephone"; however, Defendants "fail[ed] to disclose to the consumer reporting agencies that the alleged debt was in dispute by Mr. Ocasio." *Id.* at 4-5. Mr. Jones claims that the alleged "inaccurate and incomplete information" on Mr.

Ocasio's credit report damaged Mr. Ocasio's "personal and credit reputation" and caused Mr. Ocasio to suffer "se[vere] humiliation, emotional distress, mental anguish, and damages to his FICO scores." *Id.* at 4.

Based on these alleged facts, Mr. Jones asserts a claim against Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 4-5. Although this action involves Defendants' alleged failure to disclose Mr. Ocasio's debt dispute and the resulting injuries allegedly suffered by Mr. Ocasio, Mr. Ocasio is not a named plaintiff in this action. *Id.* at 1-5. Instead, Mr. Jones seeks to proceed as the sole plaintiff in this action and states that he "has been assigned 100 percent of these claims . . . from [Mr.] Ocasio." *Id.* at 2.

Upon review, the Court questioned whether it could properly exercise jurisdiction over this action. Order at 2-4, ECF No. 5. In an Order entered on April 7, 2022, the Court explained:

> It is well-settled that the party asserting jurisdiction bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009). Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or *sua sponte* by [the] court."); *see also* Fed. R. Civ. P. 12(h)(3) (explaining that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").
>
> A federal court does not have jurisdiction over an action unless the plaintiff adequately establishes that he or she has standing to pursue the asserted claims. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (explaining that federal courts only have jurisdiction over "cases and controversies," and that "standing is an integral component of the case or controversy requirement"). As courts have explained, to possess standing, a plaintiff must establish, among other things, that he or she "suffered an injury-in-fact." *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). This requires a plaintiff to show that he or she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.*

> at 621 (quoting *Spokeo, Inc.*, 578 U.S. at 339); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

*Id.* at 2-3.

Although the Complaint indicates that Mr. Jones "has been assigned 100 percent" of Mr. Ocasio's FDCPA claim, the Court noted in its April 7, 2022 Order that there were "no further details of the alleged assignment" before the Court and the alleged assignment was not provided to the Court for review. *Id.* at 3. The Court determined that without additional information regarding the assignment and its validity, it was unclear whether Mr. Jones had standing to pursue the asserted claim. *Id.*

In its April 7, 2022 Order, the Court also stated that the facts alleged in this action raised concerns regarding the unauthorized practice of law and the improper representation of others on a *pro se* basis. *Id.* at 3-4. The Court explained:

> Pursuant to 28 U.S.C. § 1654, litigants have the right to bring civil claims *pro se*; however, "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original); *see* 28 U.S.C. § 1654. Courts recognize that the legal competence of a "layman . . . is clearly too limited to allow him to risk the rights of others." *Myers*, 418 F.3d at 400 (citation omitted).

*Id.* at 3.

The Court noted that (i) "the alleged FDCPA violation at issue in this lawsuit involves Defendants' alleged failure to disclose Mr. Ocasio's debt dispute and the resulting injuries allegedly suffered by Mr. Ocasio"; and (ii) Mr. Jones does not appear to be a licensed attorney. *Id.* at 4. Thus, the Court explained that "generally speaking, Mr. Jones cannot litigate this action on behalf of Mr. Ocasio on a *pro se* basis." *Id.*

After summarizing the above issues, the Court ordered Mr. Jones to provide the Court with a copy of the pertinent assignment document within twenty-one days, and explained that "[u]pon

receipt and review of the assignment, the Court will issue a separate Order that will provide further instructions to the parties regarding the next steps to be taken in this action." *Id.*

## II. MR. JONES'S RESPONSE

Mr. Jones filed a timely response to the Court's April 7, 2022 Order ("Response") and attached thereto a copy of the assignment, as well as a copy of a document titled, "Limited Power of Attorney." Resp. at 1-11, ECF No. 6. In relevant part, the assignment, which was signed by Mr. Ocasio on November 30, 2021, purports to "transfer[] 100%" of Mr. Ocasio's interest in his FDCPA claim to Mr. Jones. *Id.* at 10. Mr. Jones argues that he has "the express power to bring suit" based on the terms of the assignment and the power of attorney. *Id.* at 1.

This Court addressed a strikingly similar issue in *Schmidt v. Fair Collection & Outsourcing, Inc.*, No. 1:17cv313, 2018 U.S. Dist. LEXIS 6982, at *1-5 (E.D. Va. Jan. 12, 2018). In *Schmidt*, a *pro se* plaintiff attempted to assert several claims, including an FDCPA claim, on behalf of another individual who was not named as a plaintiff in the action. *Id.* at *1. The plaintiff "allege[d] violations related to collection activity" on the other individual's account and sought "to recover damages from the credit reporting of [the other individual's] debt." *Id.* at *3. The plaintiff claimed "that he acquired the account in question" from the other individual. *Id.* The operative complaint contained no allegations to suggest that the defendant attempted to collect a debt from the named plaintiff, or that the named plaintiff "suffered any harm whatsoever from [the defendant's] actions." *Id.*

The Court in *Schmidt* ultimately determined that the *pro se* plaintiff lacked standing to bring his asserted claims. *Id.* at *3-4. First, the Court explained that "the Constitution requires that a plaintiff have standing to bring a case or controversy before a federal court." *Id.* at *2. To meet this requirement, a plaintiff must "demonstrate that he suffered 'injury in fact,' that the injury

4

is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). Next, the Court noted that the plaintiff's allegations arose from collection efforts that were targeted at an individual who was *not* the plaintiff. *Id.* at *3. Although the plaintiff claimed that he had "acquired the account in question" from the other individual, the Court explained that under Virginia law, "only those causes of action for damage to real property or personal property, . . . and causes of action ex contractu are assignable." *Id.* (alteration in original) (citing Va. Code Ann. § 8.01-26). Thus, the Court concluded that the plaintiff failed "to demonstrate that he [was] a real party of interest who ha[d] suffered an injury in fact, and therefore lack[ed] standing" to bring the asserted claims. *Id.* at *3-4.

Other courts faced with similar factual scenarios have reached the same outcome. For example, a *pro se* plaintiff filed several cases in the United States District Court for the Western District of Oklahoma, in which he sought to assert the FDCPA claims of others, who were not named plaintiffs, based on alleged claim assignments. *See Dotson v. Transworld Sys.*, No. CIV-22-29, 2022 U.S. Dist. LEXIS 120649, at *1-7 (W.D. Okla. July 8, 2022); *Lottie v. Midland Credit Mgmt.*, No. CIV-21-1171, 2022 U.S. Dist. LEXIS 111315, at *1-5 (W.D. Okla. June 23, 2022); *Dotson v. Credit Bureau Servs. Ass'n*, No. CIV-22-256, 2022 U.S. Dist. LEXIS 115323, at *1-5 (W.D. Okla. May 25, 2022); *Dotson v. Awa Collections*, No. CIV-22-14, 2022 U.S. Dist. LEXIS 87958, at *1-5 (W.D. Okla. May 9, 2022). In these cases, the United States District Court for the Western District of Oklahoma explained that because the FDCPA does not address the assignability of claims, courts turn to state law to determine the validity of purported FDCPA claim assignments. *See Dotson*, 2022 U.S. Dist. LEXIS 120649, at *5; *Lottie*, 2022 U.S. Dist. LEXIS 111315, at *4; *Dotson*, 2022 U.S. Dist. LEXIS 115323, at *3; *Dotson*, 2022 U.S. Dist.

LEXIS 87958, at *2. Pursuant to a statute in Oklahoma, the governing state law in these cases, "only contract rights are assignable; claims sounding in tort, such as personal injury and privacy claims, cannot be assigned." *Dotson*, 2022 U.S. Dist. LEXIS 120649, at *5 (citing Okla. Stat. tit. 12, § 2017(D)); *see Lottie*, 2022 U.S. Dist. LEXIS 111315, at *4; *Dotson*, 2022 U.S. Dist. LEXIS 115323, at *3; *Dotson*, 2022 U.S. Dist. LEXIS 87958, at *2. Because the FDCPA claims at issue in these cases sought to remedy "personal harm[s], not . . . contractual one[s]," the Court determined that the FDCPA claims were "legally unassignable." *Dotson*, 2022 U.S. Dist. LEXIS 120649, at *5-6; *see Lottie*, 2022 U.S. Dist. LEXIS 111315, at *4-5; *Dotson*, 2022 U.S. Dist. LEXIS 115323, at *3-4; *Dotson*, 2022 U.S. Dist. LEXIS 87958, at *2-3. Without a valid assignment, the Court determined that the *pro se* plaintiff lacked standing to bring the asserted FDCPA claims. *Dotson*, 2022 U.S. Dist. LEXIS 120649, at *6-7 (explaining that "an invalid assignment defeats standing if the assignee has suffered no injury in fact himself" and noting that the *pro se* plaintiff did "not allege any injury of his own"); *see Lottie*, 2022 U.S. Dist. LEXIS 111315, at *4-5; *Dotson*, 2022 U.S. Dist. LEXIS 115323, at *4.

The United States District Court for the Eastern District of Texas recently addressed the same issue in *Young v. Portfolio Recovery Assocs., LLC*, No. 6:22-CV-81, 2022 U.S. Dist. LEXIS 106980, at *1-7 (E.D. Tex. May 20, 2022), *adopted by* 2022 U.S. Dist. LEXIS 107209 (E.D. Tex. June 15, 2022). In *Young*, a *pro se* plaintiff asserted FDCPA claims that related to the alleged debt of another, who was not a named plaintiff in the action. *Id.* at *1. The *pro se* plaintiff claimed that he had been "assigned 100 percent of the claims." *Id.* The Court in *Young* ultimately determined that the *pro se* plaintiff lacked standing to assert the FDCPA claims of the other individual. *Id.* at *7. In reaching its decision, the Court stated:

> [T]he entirety of Plaintiff's allegations relate to an alleged injury—the lowering of a credit score due to a debt failed to be listed as disputed by Defendant—suffered

6

> by [another individual], not Plaintiff. Plaintiff has failed to allege that he can stand in the shoes of the consumer . . . and he does [not] plead any injurious exposure from Defendant's alleged actions. As such, the court finds that Plaintiff fails to allege any basis that would give him standing to bring the FDCPA claim as alleged. Moreover, Plaintiff has not cited, and the court is unaware of, any authority that would allow [the other individual] to assign his FDCPA claim to Plaintiff. In addition, as [Plaintiff] is proceeding *pro se* in this matter and is not a licensed attorney, any representation of [the other individual] by [Plaintiff] would result in the unauthorized practice of law.

*Id.* at *6-7 (citations omitted).

As summarized above, in the instant action, Mr. Jones seeks to assert an FDCPA claim of Mr. Ocasio based on a purported assignment of claim and/or under the authority of an alleged power of attorney. Compl. at 2; Resp. at 1-11. However, pursuant to Virginia law,[1] "[o]nly those causes of action for damage to real or personal property . . . and causes of action ex contractu are assignable." Va. Code Ann. § 8.01-26; *see Schmidt*, 2018 U.S. Dist. LEXIS 6982, at *3. The FDCPA claim asserted by Mr. Jones does not fall into this limited category of assignable claims. *See Schmidt*, 2018 U.S. Dist. LEXIS 6982, at *3. Thus, the Court finds that Mr. Jones's purported assignment is invalid.

Without a valid assignment and without any factual allegations to suggest that Mr. Jones personally suffered any "injury-in-fact," the Court concludes that Mr. Jones lacks standing to bring the FDCPA claim asserted in this action. *See Hutton*, 892 F.3d at 619 (explaining that an "injury-in-fact" is a necessary component of the standing doctrine). Because "standing is an integral component of the case or controversy requirement," the Court further concludes that it lacks

---

[1] The Court finds that Virginia law governs the validity of the purported assignment. *See Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005) (explaining that "state law determines questions 'concerning the validity, revocability, or enforceability of contracts generally'" (citation omitted)); *see also* Compl. at 2, ECF No. 1 (identifying Mr. Jones as a Virginia resident); Resp. at 10, ECF No. 6 (summarizing the details of the purported assignment and identifying Mr. Ocasio as a Virginia resident).

jurisdiction over this action and that dismissal is warranted under Federal Rule 12(h)(3). *Miller*, 462 F.3d at 316; *see* Fed. R. Civ. P. 12(h)(3).

As noted above, Mr. Jones argues in his Response that he is authorized to proceed in this action on Mr. Ocasio's behalf based on the purported authority of a power of attorney that was executed by Mr. Jones and Mr. Ocasio. Resp. at 1, 9. However, as this Court has explained, although a "power of attorney may confer certain decision-making rights under state law, . . . it does not allow [a plaintiff] to litigate *pro se* on behalf of [another] in federal court." *Banks v. Gates Hudson & Assocs.*, No. 1:19cv1259, 2020 U.S. Dist. LEXIS 110615, at *6 (E.D. Va. June 23, 2020). Thus, the Court finds that the power of attorney document attached to Mr. Jones's Response does not alter the Court's jurisdictional findings, as summarized above, and does not authorize Mr. Jones to litigate this action for Mr. Ocasio on a *pro se* basis.

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
August 29, 2022